# Zimmerly *versus* Road Commissioners.

In a proceeding under the Act of 26th of March, 1846, "to amend the road laws of Erie county," the commissioners are authorized to challenge four jurors for "*interest* or other *cause.*" It is error to permit such challenge to be made peremptorily, and without showing such good and sufficient cause as would disqualify the juror.

The clause in the proviso of the 9th section of the said Act, which provides that the commissioners "may substitute others" in the place of the jurors rejected, is satisfied when they cause new jurors to be summoned by the magistrate. The commissioners are not permitted by the Act to name and select the substitutes.

The Act of 1810, which makes the decision of the Common Pleas final on a *certiorari,* does not apply to cases arising under special statutes.

CERTIORARI to the Common Pleas of *Erie county.*

This was a certiorari to remove the proceedings in a case under the Act of 26th March, 1846, "to amend the road laws of Erie county, and for other purposes," which were commenced before a justice of the peace. The complaint set forth that Mary E. Zimmerly was the owner in fee of a certain lot in the town of Erie, Mill Creek township; that the road commissioners of said township had laid out and opened a street, taking 25 feet in width and 40 rods in length off the said lot, to the damage of complainant $100. The justice issued a summons for the road commissioners, and summoned six jurors to appear at the same time, to hear and determine the case. The parties and jurors appeared on the day appointed, and the counsel of the defendants claimed the right to challenge peremptorily, and strike off four of the jurors and substitute others in their place, which the justice decided he had the right to do; and four of them were struck off accordingly and others substituted; to all which the counsel of plaintiff objected, and protested against the proceedings for allowing the same without any cause shown of any kind, on the part of the defendants for the rejection of the said jurors or the substitution of others; and objected to the swearing of the jury thus constituted, four of whom were from the said Mill Creek township.

A majority of the said jury found a verdict of "no damages," upon which judgment for costs was entered against plaintiff, who took a *certiorari* to the Common Pleas, where the judgment of the

justice was affirmed—whence the case was removed into this Court.

*Marshall*, for plaintiff in error.—The proviso of the 9th section of the Act of 1846, gives the right to the commissioners to challenge a juror on the ground of "interest or other cause." The right of peremptory challenge is not given, and its exercise in this case is clearly error.

To give one party to a controversy the uncontrolled right to select a majority of the jury is so palpably wrong, that the legislature cannot have intended anything of the kind. The proviso would accord with reason and common sense by substituting the words "*the said justice*" immediately before "substitute."

*Lane* and *Thompson*, for defendant.—The letter of the law leaves it at the option of the commissioners to reject or not any of the jurors chosen by the justice, up to the number four. The right is absolute, and subject to no condition; no other party is constituted judge of the *cause* of rejection. The right to substitute is connected with the right to reject, and is equally certain.

The argument of the plaintiff in error may be good against the law itself, but not as to the construction given it by the Court.

The opinion of the Court was delivered by

BLACK, J.—This is a case under the peculiar road law of Erie county. The plaintiffs demanded compensation for land taken to make a road, and to that end they commenced a proceeding against the road commissioners before a justice, whose duty it became to call a jury of six persons to try the cause. The commissioners claimed the right to challenge or set aside four of the jurors peremptorily, and without assigning any cause whatever. The justice permitted this to be done; and not this only, but he allowed the commissioners of the township to name the persons who should be substituted in the place of those who were so stricken off.

It is contrary to every principle of right and justice that, in a civil proceeding, the power should be given to one party and withheld from the other, of naming the jury to try the cause. No such rule has ever been established in any country since the trial by jury was first instituted. A person accused of certain high criminal offences may challenge a limited number, while the prosecuting officer has no such privilege; but even the tenderness of law for life and liberty has not yet induced any legislation to permit a party so situated to name the persons who shall fill the place of the jurors challenged. It is doubtful if such a statute as this was construed to be, by the justice and the court below, would not be unconstitutional and void. No man's property can be taken for public use without paying, or providing for the payment of

[Zimmerly *v.* Road Commissioners.]

adequate compensation. And who will say that a compensation is provided for by a law which compels the owner to take whatever may be awarded by a jury of his adversaries' choosing ?

It is argued that the road commissioners are not in any proper sense parties to this proceeding. Then there are no parties, for there are no other names on the record, and nobody else was summoned. It is true that the damages recovered by the complainant will not have to be paid out of their private pockets. Neither does an administrator pay the debt of his decedent, nor is a bank officer personally responsible for a wrong committed by his corporation. Yet if they were permitted to choose juries in their own cases, no one would suspect them of exercising the privilege with very much impartiality. The road commissioners are chosen by the townships, represent the people of the township, and are charged with the duty of managing the financial affairs of the township. Their relation with the township, to say nothing of their personal interest as tax-payers, is as close as that of attorney and client, and very much of the same nature. Our knowledge of mankind will not permit us to believe that these officers could be engaged in a controversy like this, against a claim which they have decided to be wrong, without having some feeling. Most men would have a great deal. Naturally, and almost necessarily, they would exercise the power claimed for the purpose of rejecting impartial jurors, and substituting in their places others whom they believed to be favourable to themselves. Some proof of this is furnished by the record before us, which shows that though the jurors originally summoned were from other parts of the county, and had at least no interest in the cause, every substituted juror was an inhabitant and tax-payer of Mill Creek township.

These are reasons *a priori* which would make us hesitate about yielding such a power to the defendants, even if the letter of the statute should seem at first view to warrant it. But this Act requires no straining to make it accord with the principles of natural justice. The commissioners are authorized to *reject* (a word which we understand as synonymous with *challenge*) four jurors or any less number ; but not peremptorily. The Act expressly says that it can be done only "*for interest or other cause.*" The right to reject depends on the existence of interest or other cause, and therefore the latter must be proved before the former can be exercised. The words "other cause," mean such good ground of challenge as will be sufficient to disqualify the juror. The commissioners may be said to "substitute others" in place of those rejected, when they cause new jurors to be summoned by the magistrate. The Act does not say that the substitutes shall be *selected* and *named* by the commissioners.

We are of opinion that the Act of 1810, which makes the decision of the Common Pleas final in a *certiorari*, does not apply to

[Zimmerly v. Road Commissioners.]

a case like this, which arises under a special statute giving to justices an extraordinary jurisdiction.

The motion to quash the writ is overruled, and the proceedings before the justice are reversed and set aside, with directions that the justice call the parties before him, and proceed *de novo* according to law.